# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

DOMIT INTERNATIONAL
CONSTRUCTION AND
DEVELOPMENT LLC,

       Plaintiff,

v.

GUILLERMO DELGADO,

       Defendant.

No. SA-19-CV-00885-JKP

## **MEMORANDUM OPINION AND ORDER**

Before the Court is *Defendant's Motion to Dismiss for Lack of Jurisdiction, Motion for a More Definite Statement, & Original Answer Subject Thereto* (ECF No. 8) to which Plaintiff responded (ECF No. 10) and Defendant replied (ECF No. 14).[1] Pursuant to Local Rule 7(h), the Court finds this matter appropriate for disposition without a hearing. For the reasons that follow, the Court grants Defendant's Motion to Dismiss and denies Defendant's Motion for a More Definitive Statement as moot.

## I. BACKGROUND

This action arises out of a dispute regarding a residential home building project in San Antonio, Texas. *See generally* ECF No. 6. Plaintiff Domit International Construction and Development LLC ("Domit") alleges it entered into a contract with Defendant Guillermo Delgado ("Delgado") to construct a home; a dispute regarding performance arose; Domit was terminated; Domit filed a mechanic's lien; and Delgado "has withheld" payment of the lien. *Id.* at 1-2. Domit pleads federal district court jurisdiction upon allegations that the matter in

---

[1] The Parties, however, styled their pleadings thusly: "Reply to Motion to Dismiss of Guillermo Delgado" (ECF No. 10); "Defendant's Response to Plaintiff's Reply to Defendant's Motion to Dismiss" (ECF No. 14).

controversy exceeds $75,000 and Delgado is a "citizen of a foreign country." *Id*. at 1. Delgado challenges this Court's jurisdiction on the basis that he is a lawful permanent resident of the United States domiciled in Texas. ECF No. 8 at 2.

## II. LEGAL STANDARD

Diversity jurisdiction exists in civil actions where the amount in controversy exceeds $75,000 and the parties are: (1) citizens of different States; (2) citizens of a State or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiffs and citizens of a State or of different States. 28 U.S.C. § 1332(a). Section 1332(a)(2) further states: "district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." *Id.* "Thus, it is an individual's immigration status, not his or her contacts with the United States, which determines 'citizenship' for diversity purposes." *Velazquez v. Broesche*, No. SA 06 CA 144 FB, 2006 WL 2329401, at *1 (W.D. Tex. Jun. 13, 2006) (citing *Kato v. Cty. of Westchester,* 927 F. Supp. 714, 715-17 (S.D.N.Y. 1996)).

## III. DISCUSSION

Delgado moves the Court to dismiss this action on the basis that the Court lacks jurisdiction under 28 U.S.C. § 1332(a)(2). ECF No. 8 at 2. Domit's First Amended Complaint alleges "Plaintiff is a Texas corporation" and "Defendant is a Mexican Alien Citizen who is not a permanent resident of the United States." ECF No. 6 ¶¶ 1-2. Delgado contends Domit is a Texas limited liability company and Delgado is a lawful permanent resident ("LPR") domiciled in Texas. ECF No. 8 ¶ 7. Domit disputes Delgado's LPR status, arguing Delgado's residency status

2

is temporary and has expired. ECF No. 10 ¶ 2.

**A. Delgado's Residency Status**

On November 13, 2019, the Honorable Richard B. Farrer held an initial pretrial conference in this action. *See* ECF Nos. 16, 18. Counsel for Delgado did not appear. *See* ECF No. 19. Consequently, Judge Farrer issued a show cause order. *Id*. In his Order, Judge Farrer noted that he briefly discussed the subject Motion to Dismiss at the pretrial conference, writing: "At issue here is whether Delgado is a lawful permanent resident, as he contends in his motion. Domit alleges that Delgado is a foreign citizen, for jurisdictional purposes. If Delgado is correct, the Court would lack subject matter jurisdiction over the action. If not, the parties would be diverse." *Id*. (citing *Vargas v. Traylor Bros., Inc*., No. CIV.A. H-09-2521, 2009 WL 6472945, at *2 (S.D. Tex. Nov. 4, 2009)). Judge Farrer further noted Delgado had produced only a "heavily redacted" copy of his lawful permanent resident card, which did not "aid the jurisdictional inquiry." *Id*. Judge Farrer identified several methods by which Delgado could provide an unredacted copy of his lawful permanent resident card to the Court and opposing counsel, and issued a protective order to "aid that endeavor." *Id*. Judge Farrer then provided a deadline of December 2, 2019, for Delgado's compliance. *Id*.

On November 26, 2019, Delgado filed an unredacted copy of his Permanent Resident Card (also known as a Green Card) and a copy of an I-797 Notice of Action. ECF No. 23-2 at 1-2. Although Delgado's Card lists an expiration date of July, 27, 2019, the I-797 Notice extends Delgado's conditional resident status, authorizing work and travel, for eighteen months. *Id*. The documents demonstrate Delgado is correct and the Court lacks subject matter jurisdiction in this action.

**B. Domit's State Citizenship**

Delgado further argues that Domit is a limited liability company, not a corporation. *See* ECF Nos. 1, 6 (in which Domit states "Plaintiff is a Texas corporation."). Because the citizenship of a limited liability company is determined by the citizenship of all of its members, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008), at the November 13, 2019 hearing, Judge Farrer directed Domit to file an advisory "curing jurisdictional defects." ECF No. 18 at 1. On November 25, 2019, Domit filed an advisory explaining that Domit International Construction and Development is a limited liability company ("LLC") consisting of "two members who are Texas residents." ECF No. 21.

An allegation of residence is insufficient to establish diversity. As the Fifth Circuit explained:

> Because federal courts have limited jurisdiction, parties must make clear, distinct, and precise affirmative jurisdictional allegations in their pleadings. To properly allege diversity jurisdiction under § 1332, the parties need to allege complete diversity. That means all persons on one side of the controversy [must] be citizens of different states than all persons on the other side. . . . [T]he citizenship of a[n] LLC is determined by the citizenship of all of its members. So, to establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC.

*MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313-14 (5th Cir. 2019) (internal quotation marks and citations omitted). However, by its advisory and its response to Delgado's Motion, rather than attempting to establish diversity, Domit appears to concede it cannot show the parties are completely diverse based on the citizenship of the LLC's members.

Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." But § 1653 "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989). In other words, § 1653 allows a court

to "overlook [a party's] failure to plead diversity if [that party] can identify allegations and evidence in the record demonstrating diversity." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (emphasis added). But where "there is no evidence of diversity on the record, [a court] cannot find diversity jurisdiction, and [thus] must dismiss the action for lack of jurisdiction." *Id.* at 920. Domit's pleading shows Domit conducts business in Texas; the disputed residential building and the land on which it was constructed are in Texas; "Antun T. Domit" is the "Owner and Solo Member of Domit International Construction And Development, LLC, a Texas LLC;" Antun T. Domit's physical address and mailing address are located in Texas; and the contract and the mechanic's lien were executed in Texas. ECF No. 6. Accordingly, in addition to failing to plead State citizenship, Domit's factual allegations fail to establish the existence of diversity jurisdiction.

**C. Attorney Fees**

Delgado moves for an award of attorney fees, arguing his proof of residency was presented to Domit "on more than one occasion." ECF No. 14 at 3. Judge Farrer observed, however, "[a]lthough Delgado has produced a copy of his lawful permanent resident card, the copy is heavily redacted. Delgado has apparently refused to produce an unredacted copy to aid the jurisdictional inquiry." ECF No. 19 at 2. Indeed, Delgado did not include the documents showing his residency status with his Motion to Dismiss. ECF No. 8. Also, the exhibit attached to Delgado's reply redacts the pertinent information and does not include the I-797 Notice, which was necessary in finding the Court lacks subject matter jurisdiction in this action. ECF No. 14 at 6. Consequently, an award of attorney fees in this action is not presently supported by the record.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss for Lack of Jurisdiction (ECF No. 8). The Court DENIES Defendant's Motion for a More Definite Statement as MOOT. This action is DISMISSED without prejudice. The Clerk SHALL CLOSE the case following entry of the Final Judgment.

It is so ORDERED.

SIGNED this 3rd day of December 2019.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE